UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO GARCIA, | No. 14-cv-5101 |
| Plaintiff, | |
| | Judge Ronald A. Guzman |
| v. | |
| | Magistrate Judge Maria Valdez |
| H & Z FOODS, INC., d/b/a SAVE ALOT, and ISSA ZAYYAD, individually, | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR JUDGMENT IN SUM CERTAIN

Plaintiff, Mario Garcia, by and through his attorneys, Caffarelli & Associates, Ltd., moves this Honorable Court for entry of judgment in sum certain against Defendants H&Z Foods, Inc. d/b/a Save A Lot and Issa Zayyad, individually, pursuant to Fed. R. Civ. P. 55(b)(1). In support of his motion, Plaintiff states as follows:

1. On July 3, 2014, Plaintiff filed his two-count Complaint in the instant action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA) and Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, et seq. (IMWL) for Defendants' failure to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in one workweek.

2. On December 11, 2014, his Court entered an Order of Default Judgment against the Defendants for failure to appear or answer. D.E. 19.

3. Defendants employed Plaintiff as a meat cutter from April 18, 2013 through May 10, 2014. See Exhibit 1, Affidavit of Mario Garcia.

4. Defendants paid Plaintiff on an hourly basis at a regular rate of $14.00. Id.

5. Defendants did not pay Plaintiff the overtime premium for the hours he worked in excess of forty hours per work week. Id.

6. Defendants paid Plaintiff his straight hourly rate of pay, thus he is owed the overtime premium. Id.

7. The overtime premium owed to Plaintiff is $7.00 per hour ($14.00 x 0.5). See Exhibit 2, Affidavit of Damages Calculations.

8. It is the employer's duty to make, keep, and preserve all records of employees' wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c); 820 Ill. Comp. Stat. 105/8.

9. Plaintiff does not have access to Defendant's time records to provide an exact accounting of every hour worked.

10. Plaintiff worked between 86 and 90 hours per week for the duration of his employment with Defendants. Ex. 1.

11. The Plaintiff's recollection of hours worked controls where the Company has not produced time records. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946).

12. Plaintiff's counsel used the following calculations to determine the amount of overtime compensation owed to Plaintiff:

    a. Plaintiff's regular rate of pay was $14.00 per hour.

  b. Plaintiff's overtime premium was $7.00 per hour ($14.00 x 0.5).

  c. The time period of April 18, 2013 through May 10, 2014 equates to fifty-five (55) weeks.

  d. Plaintiff worked between 86 and 90 hours per week. Plaintiff worked an average of 88 hours per week (86+87+88+89+90/5 = 88).

  e. Thus, Plaintiff worked an average of forty-eight (48) hours of overtime (88-40) for 55 weeks.

  f. Plaintiff worked 2,640 hours of overtime (48 hours per week x 55 weeks).

  g. Defendants owe Plaintiff $18,480.00 in unpaid overtime compensation ($7.00 per hour x 2,640 hours).

13. Under the FLSA, Plaintiff seeks liquidated damages, 29 U.S.C. § 216(b), 29 C.F.R. § 790.22(a). Such damages include an amount equal to the unpaid wages, and are presumed. *See Shea v. Galaxie Lumber & Construction Co.*, 152 F.3d 729 (7th Cir. 1998). Thus, Defendants owe Plaintiff $18,480.00 in liquidated damages.

14. In addition, Plaintiff seeks to recover attorney's fees and costs. Under the FLSA, the court shall allow a reasonable attorney's fee and costs for the prevailing plaintiff to be paid by the defendant. 29 U.S.C. § 216(b). Under the IMWL, a prevailing employee may recover costs and reasonable attorney's fees. 820 Ill. Comp. Stat. 105/12(a).

15. Plaintiff's attorneys have incurred $910.70 in costs. *See* <u>Exhibit 3, Affidavit of Attorney's Fees and Costs</u>.

16. Plaintiff's attorneys have accrued $8,345.00 in attorneys' fees. <u>Id.</u>

WHEREFORE, Plaintiff, Mario Garcia, respectfully requests this Honorable Court to enter judgment against Defendants H&Z Foods, Inc. d/b/a Save A Lot and Issa Zayyad, individually in the total amount of $46,053.20 ($18,480.00 in unpaid overtime compensation, $18,480.00 in liquidated damages, $8,345.00 in attorneys' fees, and $910.70 in costs), and for such other relief as this Court finds just and equitable.

Dated: December 17, 2014

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,
MARIO GARCIA

By: /s/ Alejandro Caffarelli
    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 17, 2014, he caused a copy of the attached document, **Plaintiff's Motion for Judgment in Sum Certain**, to be sent via U.S. Mail to the parties listed below:

H&Z Foods d/b/a Save A Lot
c/o Issa Zayyad - Registered Agent
16320 Mark Lane
Tinley Park, Illinois 60477

Issa Zayyad
16320 Mark Lane
Tinley Park, Illinois 60477

/s/ Alejandro Caffarelli
Attorney for Plaintiff
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880