# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Mario Garcia,** ) | |
|     **Plaintiff,** ) | |
| ) | **Case No: 14 C 5101** |
| v. ) | |
| ) | **Judge Ronald A. Guzmán** |
| **H & Z Foods, Inc., d/b/a Save A Lot,** ) | |
| **and Issa Zayyad,** ) | |
|     **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

H&Z Foods, Inc. d/b/a Save A Lot and Issa Zayyad move to vacate the default judgment entered against them. For the reasons stated herein, the motion [26] is granted.

## STATEMENT

Mario Garcia ("Plaintiff") filed this action on July 3, 2014 claiming violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") for failure to pay him the proper overtime rate for weeks he worked over forty hours. Defendants deny that Plaintiff worked overtime.

The docket reflects a return of service indicating that a process server effectuated service on Issa Zayyad on September 13, 2014 by giving a copy of the complaint and summons to Zayyad's wife, Nadia, at 16320 Mark Lane, Tinley Park, Illinois. (Dkt. # 12.) According to the return of service, the process server "confirmed that both Issa Zayyad and Nadia Zayyad live there." (*Id*.) On October 21, 2014, the Court granted Plaintiff's oral motion to serve H&Z by mail and through the Secretary of State, which he did. Neither of the defendants timely appeared or answered.

On December 11, 2014, the Court entered default judgment against Defendants and at a December 17, 2014 prove-up hearing, the Court entered judgment in favor of Plaintiff in the amount of $46,053.20. (Dkt. # 23.) On January 13, 2015, Defendants filed a motion to vacate the judgment

pursuant to Federal Rule of Civil Procedure 60(b), which states that:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party seeking to vacate a default judgment pursuant to Rule 60(b)(1) must show good cause for the default, quick action to correct it, and a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). Here, the Court finds Defendants acted quickly to correct the default. However, the question of good cause is less clear.

Defendants claim that their failure to appear was the result of excusable neglect because Zayyad attests that he was separated from his wife from June 1, 2014 through November 22, 2014, was not residing at 16320 Mark Lane, Tinley Park during that time, did not return to that address until after November 22, 2014, and was never informed that the complaint and summons had been served there. (Zayyad Aff., Dkt. # 26-2, ¶¶ 12-14.) He further attests that he did not receive service of summons on the corporation because it closed for business in May 2014, was dissolved in October 2014, and the service documents and motion for default as to the corporation were sent to

Mark Lane, where he was not residing at the time. According to Zayyad, he received a copy of Plaintiff's motion for default judgment on or about December 17, 2014.

It is true that the Seventh Circuit has articulated a policy of "favoring a trial on the merits over default judgment," which "should only be used in extreme situations, or when other less drastic sanctions have proved unavailing." *Yong–Quian Sun v. Bd. of Trustees of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). The determination of excusable neglect:

> . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993).[1]

The Court finds the determination in this case as to whether Defendants satisfied the standard of excusable neglect to be a very close call. Zayyad's failure to keep abreast of his correspondence while he was separated from his wife was certainly unwise. To walk away from one's residence for almost six months and make no effort to have mail forwarded to a different address or determine whether important correspondence had been delivered is ill-advised. While Zayyad attests that he did not pick up any of the mail that was delivered to the Tinley Park address during the period of separation, he does not indicate that he was precluded from doing so. (Defs.' Mot. Vacate Default, Dkt. # 26, Ex. A, ¶ 14.) Indeed, his wife, Nadia Zayyad, attests that mail was "personally

---

[1] Although *Pioneer* was a bankruptcy case, the Supreme Court referenced the use of the term "excusable neglect" in Rule 60(b)(1) and the Seventh Circuit has applied the definition in *Pioneer* in the Rule 60(b)(1) context. *See Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354 (7th Cir. 1997).

delivered" and "delivered through the U.S. Postal Service" to the Tinley Park address for Zayyad during his absence but that, to her knowledge, he never returned to pick up any mail that was delivered to the house. (Defs.' Reply, Dkt. # 30-1, ¶¶ 5-7.)

Further, Zayyad attests that he returned to the residence at Mark Lane "after" November 22, 2014. Thus, he should have received, at least, the Summons, Complaint and Affidavit of Compliance stamped by the Secretary of State, which were sent via certified mail on November 26, 2014 by Plaintiff's counsel to H & Z Foods, Inc. in the care of Zayyad, at 16320 Mark Lane, Tinley Park, Illinois. (Pl.'s Mot. Default J., Dkt. # 17, Ex. 1, ¶ 4.)[2] Moreover, the Court notes that Zayyad attests that he received a copy of Plaintiff's motion for default judgment on or about December 17, 2014; therefore, he could have appeared at the December 19, 2014 presentment date for the motion and asked for additional time to retain counsel or at least called Plaintiff's counsel telling him he was looking for a lawyer and intended to defend the case but needed additional time. Zayyad did neither.

On the other hand, the Court can discern no particular prejudice to Plaintiff, other than that he must litigate the case, which is what he would have had to do had there been no default. Moreover, the case is in the early stages and the delay is not so lengthy that it gives the Court pause. While skirting dangerously close to conduct this Court would not find excusable, the Court finds, in its discretion and after consideration of all of the circumstances, that Zayyad's absence from his home during the relevant time period and his apparent ignorance of the case constitutes good cause

---

[2] Neither Zayyad nor his wife indicate what happened to the mail and personal deliveries that accumulated during the six months Zayyad was not living at the house; notably, however, Nadia Zayyad does not state that she destroyed or threw away the mail. Thus, the reason Zayyad, upon his return, never received the summons and complaints that were served personally and delivered via U.S. Mail to the Mark Lane address is left unexplained.

for the default.

Defendants, however, must also show a meritorious defense. A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Wehr v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). Here, Plaintiff claims he worked overtime as a meat cutter at H & Z Foods but was not paid the proper overtime rate under the Fair Labor Standards Act or the Illinois Minimum Wage Law. Defendants only plausible defense, as stated in Zayyad's affidavit, is that Plaintiff did not work overtime. Zayyad does not point to any records in support of this contention – likely because, as Plaintiff asserts in his response to the motion to vacate, Plaintiff was paid in cash – but merely states that Plaintiff's counsel's calculations of the alleged overtime are based solely on Plaintiff's recollection and are unbelievable. According to Defendants, the affidavit submitted in support of the motion for judgment indicates that Plaintiff would have had to have worked an average of 88 hours per week, or about 12.5 hours per day, without breaks or vacation, during the 55 weeks he worked for Defendants.

However, it is the employer who has the obligation under the law to keep records regarding hours worked and wages paid and, in the absence of such records, a plaintiff "may prove his claim by producing 'sufficient evidence' to show that he performed work for which he was not compensated, and damages may be awarded based upon that evidence or any reasonable inferences to be drawn from it." *Dominguez v. Quigley's Irish Pub, Inc.*, 790 F. Supp. 2d 803, 815 (N.D. Ill. 2011). Indeed, "[i]n most contexts, testimony standing alone, if believed, will be sufficient to carry the day." *Id.* at 815 n.6.

Thus, resolution of the issue in this case will be based on the competing testimony of Zayyad and Plaintiff, as well as possible other witnesses, regarding the number of hours Plaintiff worked. Defendants' assertion that Plaintiff did not work overtime is as meritorious a defense at this time as is Plaintiff's claim that he worked over 40 hours a week overtime.

Because Defendants have demonstrated quick action, good cause and a meritorious defense, the Court grants the motion to vacate the default judgment [26]. The case is set for status on June 29, 2015 at 9:30 a.m.

**Date**: June 10, 2015

_____
    **Ronald A. Guzmán**
    **United States District Judge**